Andrew H. Stone (USB #4921)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

Attorneys for Defendant EchoStar Communications Corp.

IN THE UNITED STATES DISTRICT COURT

IN THE CENTRAL DISTRICT OF UTAH

| DINO J. BROCCOLI,<br><br>            Plaintiff,<br>vs.<br><br>ECHOSTAR COMMUNICATIONS CORP.,<br>et al.<br><br>            Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Misc. Proceeding Number _____<br><br>(Relating to an action in the United States District Court for the District of Maryland Civil Action No. AMD 03-CV-3447) |
|---|---|

Defendant EchoStar Communications Corporation ("EchoStar") submits the following

*Memorandum in Support of Motion for Order to Compel Compliance with Subpoena.*

### FACTS

1.  The subpoena at issue in this case was issued from this court seeking production for a case pending in the District of Maryland, Civil Action No. AMD 03-CV-3447.

2.  The action in the Maryland is a suit by a former employee against his former employer for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and for various common law torts.

655653_1.DOC
655539v1

Judge Paul G. Cassell
DECK TYPE: Civil
DATE STAMP: 08/05/2004 @ 15:49:00
CASE NUMBER: 2:04CV00718  PGC



3. The witness subpoenaed, Forrest H. Paulson ("Mr. Paulson"), is a former managerial employee of EchoStar. During his deposition in the Maryland case, Mr. Paulson made reference to documents held on a computer hard drive that are relevant to this matter because they relate to employment decisions made with respect to the Plaintiff. Further, EchoStar believes that the hard drive at issue is the property of EchoStar and that Mr. Paulson stole it when he resigned. At his deposition, Mr. Paulson committed to producing the hard drive by sending it to counsel for Plaintiff. Mr. Paulson, to date, has not done so.

4. Mr. Paulson also agreed to continue his deposition in Maryland at a time sufficiently after his production of the hard drive that the parties would have the opportunity to review the documents contained on the hard drive. Based on the fact that Mr. Paulson has not produced the hard drive as promised, Defendant believes that Mr. Paulson will not voluntarily return to Maryland for the continuation of his deposition as promised. Accordingly, Mr. Paulson has been subpoenaed for deposition in Utah on August 26, 2004.

5. On July 22, 2004, EchoStar served Mr. Paulson with a subpoena requiring production of the same hard drive as well as, among other things, all of the contents thereof and all documents related to his employment with EchoStar. Pursuant to Rule 45, because the production was to be make in Utah, that *Subpoena* issued from this Court. A copy of that *Subpoena In A Civil Case* is attached hereto as Exhibit 1.

6. On August 2, 2004, at 10:30 am, after the time but on the date appointed for production of the documents, Mr. Paulson appeared at the offices of EchoStar's Utah counsel without the hard

drive, but with a written objection to the request for production. A copy of that letter objecting to the production is attached as Exhibit 2.

7. Despite his letter, Mr. Paulson agreed on August 2 to permit copying of his hard drive, at EchoStar's expense, at the offices of EchoStar's Utah counsel. As Mr. Paulson did not have the computer with him at the time, he agreed to come in the following day (Tuesday, August 2, 2004) between 9:30-10:00 a.m. to permit the copying of the documents, so long as he remained with the computer during the copying process.

8. On the morning of Tuesday, August 3, 2004, Mr. Paulson called the offices of Jones, Waldo, Holbrook & McDonough ("Jones Waldo") and stated that he would be late arriving, but would come in that afternoon.

9. Mr. Paulson did not come to the Jones Waldo's offices on Tuesday, August 3, 2004, and had not contacted Jones Waldo as Thursday, August 5, 2004.

10. The summary judgment deadline of September 20, 2004 in the Maryland action necessitates that Mr. Paulson be deposed sufficiently in advance of that date so his testimony may be used in briefing of such a motion. Accordingly, on Wednesday, August 4, 2004, Mr. Paulson was subpoenaed for appearance in person at a deposition scheduled for August 26, 2004.

11. It is necessary that the contents of Mr. Paulson's hard drive, and all other relevant document, be examined and analyzed in advance of his deposition for purpose of preparing for that deposition.

655539v1

3

## ARGUMENT

Under Rule 45(c)(2)(B) a motion to compel production of the documents sought by the Subpoena in this case is properly made to this Court. Arguably, as Mr. Paulson's written objection was not served prior to the time at which production was commanded, Mr. Paulson is in contempt of the Subpoena. However, in the interest of expediency, and recognizing that Mr. Paulson appears to be unrepresented regarding the Subpoena, EchoStar will address his objections.

Mr. Paulson's objections fall into two categories. First, he argues that some of the documents are confidential, personal or irrelevant. Second, he argues that the subpoena is burdensome because he had insufficient time to comply with it and the expense of copying his hard drive is something he should not have to bear. EchoStar will address both of these arguments in turn.

Attached as Exhibit 3 to this Memorandum is a copy of the *Stipulated Protective Order* entered in the Maryland action. Mr. Paulson may take advantage of this protective order and designate whatever he likes as confidential. This should address his concerns regarding confidentiality.

Mr. Paulson's burdensomeness objection appears to be related to his desire to separate out documents on the hard drive he deems personal from those he acknowledges relate to EchoStar and this action. That is not what the subpoena commands. It requires production of the entire hard drive, with good reason. It is necessary, as a technical matter, that Mr. Paulson's entire hard drive be copied. Issues have arisen in this case regarding the authenticity of electronic versions of document and whether certain files have been deleted or modified. By copying the entire drive, the parties may determine the history of the documents and what files have been deleted from or altered on the hard drive in Mr. Paulson's possession. Simply having Mr. Paulson copy the files he deems relevant is inadequate for purposes of

655539v1

4

ensuring complete production and obtaining all of the information which is electronically stored on the hard drive in Mr. Paulson's possession.

The subpoena is not burdensome. The documents are located on a single computer, and any privacy concerns Mr. Paulson may have are addressed by the protective order. As to the expense of this copying, EchoStar is willing to bear the expense of making a mirror image copy of Mr. Paulson's hard drive. EchoStar's Utah counsel's IT department can make a mirror image of the hard drive using a software program. It can be done at the offices of EchoStar's Utah counsel and should not require a lengthy period of time to accomplish. Mr. Paulson is certainly welcome to attend while this copying is accomplished.

## CONCLUSION

Mr. Paulson's concerns regarding confidentiality and the burden of producing the documents requested by the Subpoena served upon him are easily addressed. It is essential for purposes of the Maryland action that the complete information on the hard drive in Mr. Paulson's possession be obtained immediately. The Court should enter an Order requiring Mr. Paulson to produce his hard drive and other documents responsive to the Subpoena immediately for copying.

Respectfully dated this 5th day of August, 2004.

JONES WALDO HOLBROOK & McDONOUGH PC

By: _____
Andrew H. Stone
Attorneys for Defendant EchoStar Communications Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of August, 2004, I caused a true and correct copy of the foregoing to be mailed, postage prepaid, to the following:

>Forrest H. Paulson   **VIA HAND DELIVERED ALSO**
>4220 West 2100 South, Suite I
>Salt Lake City, UT 84145-0444

>Jerald J. Oppel
>Carla N. Bailey
>Ober, Kaler, Grimes & Shriver, P.C.
>120 E. Baltimore Street
>Baltimore, Maryland 21202

>Forrest H. Paulson   **VIA HAND DELIVERED ALSO**
>3874 East Little Cottonwood Lane
>Sandy, UT 84092

_____

Exhibits/Attachments to this document have **not** been scanned.

Please see the case file.